# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN LEIGH BENTLEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL[1], *Acting Commissioner of Social Security*,<br><br>　　　　Defendant. | Case No. LA CV 16-1492 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Karen Leigh Bentley ("Plaintiff") challenges the Social Security Commissioner's decision denying her application for disability benefits. Two issues are presented for decision here:

1. Whether the Administrative Law Judge ("ALJ") properly assessed Plaintiff's credibility (*see* Corrected Joint Stipulation ("Joint Stip.") at 10-12, 15-16); and

2. Whether the ALJ properly assessed the consultative examining physician's opinion (*see id*. at 2-7, 10).

---

[1] The Court **DIRECTS** the Clerk of Court to update the case caption to reflect Nancy A. Berryhill as the proper Defendant. *See* Fed. R. Civ. P. 25(d).

1

The Court addresses Plaintiff's contentions below, and finds that reversal is not warranted.[2]

### A. The ALJ Provided Clear and Convincing Reasons for Discounting Plaintiff's Credibility, and Any Error Was Harmless

Plaintiff contends that the ALJ improperly assessed her credibility.[3] (*See* Joint Stip. at 10-12, 15-16.)

As a rule, an ALJ can reject a claimant's subjective complaints by "expressing clear and convincing reasons for doing so." *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines a claimant's complaints." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (citation and internal quotation marks omitted).

Here, the ALJ provided at least three valid reasons for discounting Plaintiff's credibility.

First, Plaintiff's treatment history was intermittent, and she had no recent mental health care.[4] (Administrative Record ("AR") at 27); *see Marsh v. Colvin*, 792 F.3d 1170, 1173 n.2 (9th Cir. 2015) (ALJ properly considered treatment gap in assessing claimant's credibility); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (ALJ properly relied on three- to four- month treatment gap in partially discrediting claimant's testimony).

Second, Plaintiff did not follow through with recommendations from the Department of Public Social Services for further treatment. (AR at 27, 461-63); *see*

---

[2] The Court addresses the claims in a different order than presented by the parties for clarity and to avoid repetition.

[3] Plaintiff erroneously refers to this as "Issue No. 4" even though there are only two disputed issues presented for review. (*See* Joint Stip. at 10.)

[4] Plaintiff alleged her disability began June 2001, but had only intermittent mental health care between then and March 2006, and no treatment after that. (AR at 22, 27, 154, 158-60, 194, 209, 216, 263, 277, 294 (March 2006 treatment note indicating Plaintiff focused on discharge and saw no reason for further treatment), 305, 308, 459, 465.)

2

*Molina v. Astrue*, 674 F.3d 1104, 113-14 (9th Cir. 2012) (ALJ did not err by discounting testimony based on failure to follow prescribed treatment, including advice to seek counseling); 20 C.F.R. §§ 404.1530(a), 416.930(a) (claimant must "follow treatment prescribed by [her] physician if this treatment can restore [her] ability to work").

Third, Plaintiff was uncooperative with the minimal treatment she received from Dr. Pamela Pine. (AR at 27, 465 (Dr. Pine's notation that she saw Plaintiff only four times in 2003, and that she refused to fill out paperwork), 467)[5]; *Garcia v. Comm'r of Soc. Sec.*, 587 F. App'x 367, 370 (9th Cir. 2014) (credibility determination supported by substantial evidence in part because claimant was uncooperative with medical professionals and unwilling to comply with prescribed treatment).

The Court, however, agrees with Plaintiff that the ALJ improperly relied on her meager activities of daily living in discounting her testimony. (Joint Stip. at 11-12, 16; AR at 27); *see Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (ALJ must make "specific findings related to [the daily] activities and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination"); *Vertigan v. Halter*, 260 F.3d 1044, 1049-50 (9th Cir. 2001) (the mere fact that claimant "carried on certain daily activities, such as grocery shopping, driving a car, or limited walking or exercise, does not in any way detract" from credibility as to overall disability).

However, any such error is harmless in light of the other valid reasons for rejecting the testimony.[6] *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155,

---

[5] The record is replete with other instances of uncooperativeness, including refusing examinations and medication, and showing hostility and sarcasm to examiners and staff. (AR at 259, 282, 286, 292, 322, 364, 366, 370, 373, 379, 386-87, 394, 415, 417-18, 424, 426-27, 435, 437, 442-43.)

[6] Plaintiff also alleges that the ALJ improperly relied on her drug and alcohol use in assessing her credibility. (Joint Stip. at 12.) Plaintiff's crystal methamphetamine, cocaine, and alcohol use is amply supported by the record. (*See* AR at 27, 44, 214, 216-18, 224, 230, 233, 242, 255, 276-77, 283-85, 289, 295, 303, 315, 416, 436.) However, the Commissioner does not press this as clear and convincing reason for the credibility determination, and the ALJ merely stated that it was "notable"

1162 (9th Cir. 2008) (when ALJ provides specific reasons for discounting claimant's credibility, decision may be upheld even if certain reasons were invalid as long as "remaining reasoning and ultimate credibility determination" were supported by substantial evidence (emphasis omitted)); *Strutz v. Colvin*, 2015 WL 4727459, at *7 (D. Or. Aug. 10, 2015) (upholding credibility finding because ALJ provided at least one valid reason to discount claimant's testimony).

Thus, the ALJ's assessment of Plaintiff's credibility does not warrant reversal.

B. <u>The ALJ Provided Specific and Legitimate Reasons for Discounting The Consultative Physician's Opinion, and Any Error Was Harmless</u>

Next, Plaintiff contends that the ALJ improperly assessed the consultative examining opinion of Dr. Jeriel Lorca. (Joint Stip. at 2-7, 10.)

As a rule, if an ALJ wishes to disregard the opinion of an examining physician, "he or she must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983); *accord Carmickle*, 533 F.3d at 1164.

Here, the ALJ properly rejected Dr. Lorca's opinion that Plaintiff had moderate and marked functional limitations[7] for four reasons.

First, Dr. Lorca's opinion was based on the subjective report of symptoms and limitations provided by Plaintiff, which were properly discounted as discussed above.

---

that Plaintiff's symptoms were at least partly due to substance and/or alcohol use. (Joint Stip. at 14 n.1; AR at 27.) Accordingly, the Court does not assess the comment as a separate reason for the credibility determination. In any event, even if there was error in relying on Plaintiff's drug and alcohol use, it would also be harmless in light of the other valid reasons.

[7] Dr. Lorca opined that Plaintiff had moderate functional limitations in her ability to (1) perform simple, repetitive tasks, (2) maintain regular attendance, (3) perform work activities without special supervision, and (4) accept instructions from supervisors. (AR at 477-78). She also opined that Plaintiff had marked functional limitations in her ability (1) to perform detailed and complex tasks, (2) perform work activities on a consistent basis, (3) complete a normal work schedule without interruption from psychiatric symptoms, (4) interact with coworkers and the public, and (5) deal with usual stress in competitive work. (*Id.*) Contrary to Plaintiff's assertion, Dr. Lorca did not specifically opine that these limitations "would result in a finding of disability." (Joint Stip. at 2-3.)

4

(AR at 27); *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (ALJ properly rejected doctors' psychological assessment and opinion because they were based solely on subjective complaints). Indeed, Dr. Lorca's report stated on its face that (1) "[t]he source of information for this evaluation was [Plaintiff]"; and (2) "[t]here were no psychiatric records for review." (AR at 473.)

Second, Dr. Lorca's opinion conflicted with the State agency psychologist and disability expert Dr. Anna Franco[8]. (AR at 27); *see Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) ("[I]t was permissible for the ALJ to give [medical opinion] minimal evidentiary weight, in light of the objective medical evidence and the opinions and observations of other doctors."); *Kane v. Colvin*, 2015 WL 5317149, at *3 (E.D. Cal. Sept. 10, 2015) (ALJ properly rejected treating physician's opinion regarding claimant's limitations in part because opinion was contradicted by state agency physicians' less severe limitation findings).

Third, as discussed above, Plaintiff had not received or sought mental health treatment in many years, and was not taking medication at the time of the evaluation. (AR at 27); *see Batson*, 359 F.3d at 1195 (even opinion of treating physician need not be accepted if inadequately supported by clinical findings); *Olson v. Colvin*, 2014 WL 1344493, at *6 (E.D. Wash. Apr. 4, 2014) (ALJ properly rejected opinion in part because claimant was not taking medication or in treatment for mental health, and responses were deemed over-reported).

Fourth, Dr. Lorca's opinion was internally inconsistent, and inconsistent with her evaluation of Plaintiff. (AR at 27, 477); *see Zettelmier v. Astrue*, 387 F. App'x 729, 731-32 (9th Cir. 2010) (internal inconsistency within doctor's own opinion provided proper basis to discredit it); *see also Wilhelm v. Comm'r Soc. Sec. Admin.*, 597 F. App'x 425, 425 (9th Cir. 2015) (ALJ properly rejected doctor's opinion because

---

[8] Dr. Franco opined that Plaintiff could perform simple and repetitive work. (AR at 58.) She specifically discussed Dr. Lorco's evaluation, and found it overly restrictive and inconsistent with the record. (*Id.*)

5

it contradicted her own notes). As explained by the ALJ: (1) although Dr. Lorca described Plaintiff as somewhat manic and showing certain deficits, those findings were only on the more complicated tasks; (2) the evaluation showed that Plaintiff appeared to be of at least average intelligence; (3) Plaintiff performed tasks correctly that tested fund of knowledge, concentration, calculation, proverbs, similarities and differences, insight, and judgment; and (4) Dr. Lorca herself questioned Plaintiff's reported psychotic symptoms by stating that they were not congruent with her presentation at the examination. (AR at 27, 473-78.)

Finally, as discussed above, any error in relying on Plaintiff's daily activities in rejecting the opinion was harmless. *See Burch*, 400 F.3d at 679 ("A decision of the ALJ will not be reversed for errors that are harmless."); *DeBerry v. Comm'r of Soc. Sec. Admin.*, 352 F. App'x 173, 176 (9th Cir. 2009) (error in rejecting doctor's opinion "harmless because the ALJ gave several specific and legitimate other reasons supported by substantial evidence").

Thus, the ALJ's assessment of the consultative opinion does not warrant reversal.

//

//

//

//

//

//

6

Based on the foregoing, **IT IS ORDERED THAT** judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

DATED: June 05, 2017

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

\*\*\*

**This Memorandum Opinion and Order is not intended for publication. Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\*\*\*